Michael C. Ormsby
United States Attorney
Eastern District of Washington
Aine Ahmed
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUL 2 8 2011

JAMES R. LARSEN, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,      )
                               )
              Plaintiff,       )      CR-06-109-WFN
                               )
       vs.                     )      Plea Agreement
                               )
                               )      Fed.R.Crim.P. 11(c)(1)(C)
DUSTIN M. HAUGEN,              )
                               )
              Defendant.       )
                               )

    Plaintiff United States of America, by and through Michael C. Ormsby,
United States Attorney for the Eastern District of Washington, and Aine Ahmed,
Assistant United States Attorney for the Eastern District of Washington, and the
Defendant, DUSTIN HAUGEN, and the Defendant's counsel, Mr. Frank
Cikutovich, agree to the following Plea Agreement:

    1.    Guilty Plea and Maximum Statutory Penalty:

    Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the Defendant, DUSTIN M.
HAUGEN, agrees to plead guilty to Count 2 of the Indictment, CR-06-109-WFN,
filed on October 17, 2006, which charges the Defendant with Importation of 100
Kilograms or More of Marijuana, a Schedule I controlled substance, in violation of
21 U.S.C. §§ 952 and 960. Count 2 is a Class B felony, carrying a maximum
statutory penalty of not less than five (5) years nor more than (40) years

Plea Agreement - 1
haugenplea2.wpd

1   imprisonment; a term of supervised release of not less than four (4) years nor more
2   than life; a fine not to exceed $1,000,000; forfeiture; denial of certain federal
3   benefits; and a $100 special penalty assessment.

4        The Defendant, DUSTIN M. HAUGEN, understands that a violation of a
5   condition of supervised release carries an additional penalty of re-imprisonment
6   for all or part of the term of supervised release, without credit for time previously
7   served on post-release supervision.

8        2.    Denial of Federal Benefits:

9        The Defendant understands that by entering this plea of guilty he is no
10  longer eligible for assistance under any state program funded under part A of Title
11  IV of the Social Security Act (concerning Temporary Assistance for Needy
12  Families) or benefits under the food stamp program or any state program carried
13  out under the Food Stamp Act. 21 U.S.C. § 862a. Further, the Court may deny the
14  Defendant's eligibility to any grant, contract, loan, professional license, or
15  commercial license provided by an agency of the United States or by appropriated
16  funds of the United States. 21 U.S.C. § 862.

17       3.    The Court is Not a Party to the Agreement:

18       The Court is not a party to this Plea Agreement and may accept or reject this
19  Plea Agreement. Sentencing is a matter that is solely within the discretion of the
20  Court. The Defendant understands that the Court is under no obligation to accept
21  any recommendations made by the United States and/or by the Defendant; that the
22  Court will obtain an independent report and sentencing recommendation from the
23  U.S. Probation Office; and that the Court may, in its discretion, impose any
24  sentence it deems appropriate up to the statutory maximums, notwithstanding the
25  Rule 11(c)(1)(C) nature of this Plea Agreement.

26       Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the Defendant and United States
27  agree to jointly recommend to the Court a sentencing range of imprisonment of
28  twelve (12) months to twenty-eight (28) months followed by three (3) years of

Plea Agreement - 2
haugenplea2.wpd

1  supervised release.  However, the Defendant acknowledges that no promises of

2  any type have been made to the Defendant with respect to the sentence the Court

3  will impose in this matter.

4      The Defendant understands that this Plea Agreement is entered  pursuant to

5  Fed. R. Crim. P. 11(c)(1)(C), and that the United States may withdraw from this

6  Plea Agreement if the Court imposes a sentence lower than twelve (12) months

7  followed by three (3) years of supervised release.  The Defendant further

8  understands that the Defendant has the option to withdraw from this Plea

9  Agreement if the Court imposes a sentence higher than twenty-eight (28) months

10  followed by three (3) years of supervised release.

11      4.    Waiver of Constitutional Rights:

12      The Defendant, DUSTIN M. HAUGEN, understands that by entering this

13  plea of guilty the Defendant is knowingly and voluntarily waiving certain

14  constitutional rights, including:

15          (a).    The right to a jury trial;

16          (b).    The right to see, hear and question the witnesses;

17          (c).    The right to remain silent at trial;

18          (d).    The right to testify at trial; and

19          (e).    The right to compel witnesses to testify.

20      While the Defendant is waiving certain constitutional rights, the Defendant

21  understands the Defendant retains the right to be assisted through the sentencing

22  and any direct appeal of the conviction and sentence by an attorney, who will be

23  appointed at no cost if the Defendant cannot afford to hire an attorney.  The

24  Defendant also acknowledges that any pretrial motions currently pending before

25  the Court are waived.

26      5.    Elements of the Offenses:

27      The United States and the Defendant agree that in order to convict the

28  Defendant of Importation of More than 100 Kilograms of Marijuana, in violation

Plea Agreement - 3
haugenplea2.wpd

1    of 21 U.S.C. §§952 and 960, as charged in Count 2 of the Indictment, CR-06-109-

2    WFN, the United States would have to prove, beyond a reasonable doubt, the

3    following elements:

4    First,        on or about May 9, 2006, in the Eastern District of Washington,

5                   the defendant knowingly brought at least 100 Kilograms of

6                   Marijuana into the United States from a place outside the

7                   United States, to wit: Canada;

8    Second,       the defendant knew the substance he was bringing into the

9                   United States was Marijuana and

10   Third,        the substance that the Defendant imported into the United

11                 States was 100 Kilograms or More of Marijuana.

12       6.    Factual Basis and Statement of Facts:

13       The United States and the Defendant stipulate and agree that the following

14   facts are accurate; that the United States could prove these facts beyond a

15   reasonable doubt at trial; and that these facts constitute an adequate factual basis

16   for DUSTIN M. HAUGEN's guilty plea.  Pertinent facts are set out below in order

17   to provide a factual basis for the plea and to provide facts which the Government

18   and Defendant believe are relevant for computing the appropriate guideline range.

19   This statement of facts does not preclude either party from presenting and arguing,

20   for sentencing purposes, additional facts which are relevant to the guideline

21   computation or sentencing, unless otherwise prohibited in this agreement.

22       On May 9, 2006, Customs and Border Protection, Air/Marine officers,

23   and a Royal Canadian Mounted Police ("RCMP") Officer on board a law

24   enforcement aircraft observed (videotaped) a Bell 206 Jet Ranger helicopter depart

25   a hanger in the location near Harrison Hot Springs, British Columbia, Canada.

26   The helicopter pilot was identified as Daryl Gilles Desjardins.  The co-pilot was

27   identified as the Defendant,  Dustin HAUGEN ("HAUGEN").  The helicopter was

28   observed landing at an isolated area in Canada and meeting with occupants of a

Plea Agreement - 4
haugenplea2.wpd

1   pick-up truck where black hockey bags were observed being unloaded from the

2   pick up truck and loaded into the helicopter.  HAUGEN was observed loading the

3   hockey bags into the helicopter. The helicopter then took off and flew into the

4   United States under continual surveillance to a location north of Conconully,

5   Washington, within Okanogan County.

6         The helicopter landed near another pick-up truck and black hockey bags

7   were observed being unloaded from the helicopter and placed into the rear of the

8   pick-up truck inside a canopy attached to the truck.  HAUGEN was observed

9   loading the hockey bags into the truck. The other individual loading the marijuana

10   into the truck was Henry Patrick Roman, who was the driver of the truck.

11   Surveillance was maintained on the helicopter after it took-off, and it was

12   eventually seen (videotaped) landing back in Canada, from the same location

13   where it had taken off (Harrison Hot Springs, BC).

14         The marijuana was weighed without packaging, and weighed 135.2

15   kilograms.  The DEA Laboratory confirmed that the substance was marijuana.

16   The Defendant admits that he acted as a pilot with Daryl Gilles Desjardins, and

17   that he knowingly brought marijuana from Canada into the United States.

18        7.    Waiver of Inadmissibility of Statements:

19         The Defendant agrees to waive the inadmissibility of statements made in the

20   course of plea discussions with the United States, pursuant to Fed. R. Crim.

21   P. 11(f).  This waiver shall apply if the Defendant withdraws this guilty plea or

22   breaches this Plea Agreement.  The Defendant acknowledges that any statements

23   made by the Defendant to law enforcement agents in the course of plea discussions

24   in this case would be admissible against the Defendant in the United States' case-

25   in-chief if the Defendant was to withdraw from this plea of guilty or to breach this

26   Plea Agreement.

27

28

Plea Agreement - 5
haugenplea2.wpd

8.      The United States Agrees:

        (a.)    Not to File Additional Charges:

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against the Defendant based upon information in its possession at the time of this Plea Agreement, and arising out of the Defendant's conduct involving illegal activity charged in this Indictment; unless the Defendant breaches this Plea Agreement any time before or after sentencing.

        (b.)    Dismissal of Count 1:

The United States agrees to move that the Court dismiss Count 1, which charges the Defendant with Possession with the Intent to Distribute 100 Kilograms or More of Marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(b)(vii).

9.      United States Sentencing Guideline Calculations:

The Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "U.S.S.G.") are applicable to this case and that the Court will determine the Defendant's applicable sentencing guideline range at the time of sentencing.

        (a.)    Base Offense Level:

The United States contends that the base offense level for Count 2 of the Indictment is twenty-six (26).   See U.S.S.G. § 2D1.1(c)((7).

        (b.)    Specific Offense Characteristics:

The United States contends that two (2) offense levels should be added because the Defendant used an aircraft to bring the Marijuana into the United States from Canada, which was not a commercial scheduled air carrier.  U.S.S.G. § 2D1.1(b)(3).  The Defendant has provided a truthful and complete recitation of his criminal activities prior to sentencing, and so the Defendant may be eligible for safety valve consideration.  If the Court finds that he qualifies for safety valve,

Plea Agreement - 6
haugenplea2.wpd

1  then the Defendant would receive a two (2) offense level decrease. *See* U.S.S.G.

2  §§ 5C1.2 and 2D1.1((b)(11).

3        (c.)   Acceptance of Responsibility:

4       If the Defendant pleads guilty and demonstrates a recognition and an

5  affirmative acceptance of personal responsibility for the criminal conduct;

6  provides complete and accurate information during the sentencing process; does

7  not commit any obstructive conduct; accepts this Plea Agreement; and enters a

8  plea of guilty no later than July 30, 2011, the United States will recommend that

9  the Defendant receive a two (2)-level downward adjustment for acceptance of

10 responsibility, and the United States will move for a one (1)-level downward

11 adjustment in the Defendant's offense level for timely entering a plea of guilty,

12 pursuant to U.S.S.G. § 3E1.1(a) and (b).

13      The Defendant and the United States agree that the United States may at its

14 option and upon written notice to the Defendant, not recommend a three (3)-level

15 downward reduction for acceptance of responsibility if, prior to the imposition of

16 sentence, the Defendant is charged or convicted of any criminal offense

17 whatsoever or if the Defendant tests positive for any controlled substance.

18      Furthermore, the Defendant agrees to pay the $100 mandatory special

19 penalty assessment to the Clerk of Court for the Eastern District of Washington, at

20 or before sentencing, and shall provide a receipt from the Clerk to the United

21 States before sentencing as proof of this payment, as a condition to this

22 recommendation by the United States.

23      (d.)   Final Offense Level:

24      If the Court finds the Defendant safety valve qualified, then the Defendant's

25 final offense level would be twenty-~~one (21)~~ *three*. ~~Otherwise, if he is found~~ not be

26 ~~safety valve qualified, the Defendant's final offense level would be twenty-three~~

27 ~~(23).~~

28

Plea Agreement - 7
haugenplea2.wpd

1   10.   Criminal History:

2   The United States and the Defendant understand that the Defendant's

3   criminal history computation will be determined by the Court.  The United States

4   and the Defendant have made no agreement and make no representations as to the

5   criminal history category.

6   11.   Incarceration:

7   The United States and Defendant agree, pursuant to Fed.R.Crim.P.

8   11(c)(1)(C),  to jointly recommend a sentencing range of between 12 months and

9   twenty-eight (28) months incarceration.  The Defendant understands that at the

10  time of this Plea Agreement, the United States intends to request a sentence of

11  incarceration of twenty-eight (28) months, but this may be altered based on

12  possible downward departures at the request of the United States.  The Defendant

13  understands and acknowledges that no promises or insinuations have been made as

    to whether the United States will request a downward departure.

14  12.   Supervised Release:

15  The United States and Defendant agree, pursuant to Fed.R.Crim.P.

16  11(c)(1)(C),  to jointly recommend that the Court impose a four (4) year term of

17  supervised release.

18  13.   Criminal Fine:

19  The United States and the Defendant are free to make whatever

20  recommendation concerning the imposition of a criminal fine that they believe is

21  appropriate.

22  14.   Removal/Deportation:

23  The Defendant understands that he has no lawful immigration status to

24  reside in the United States.  Consequently, he will be removed/deported once he

    completes his term of incarceration.  The Defendant acknowledges that he has

25  been advised by his attorney that as a consequence of pleading guilty, he may

26  forever be barred from obtaining lawful immigration status within the United

27  States.

28

Plea Agreement - 8
haugenplea2.wpd

15.    <u>Mandatory Special Penalty Assessment</u>:

The Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013, and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

16.    <u>Payments While Incarcerated</u>:

If the Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, the Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

17.    <u>Additional Violations of Law Can Void Plea Agreement</u>:

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

18.    <u>Conditional Waiver of Appeal Rights</u>:

In return for the concessions that the United States has made in this Plea Agreement, the Defendant agrees to waive his right to appeal his conviction or sentence if the Court imposes a period of incarceration no longer than twenty-eight (28) months, imposes a term of supervised release of no longer than three (3) four years, forfeiture, and imposes a special penalty assessment of $100. The Defendant further expressly waives his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by the Defendant and which, in the exercise of due diligence, could not be known by the Defendant by the time the Court imposes the sentence.

Plea Agreement - 9
haugenplea2.wpd

19.   <u>Integration Clause</u>:

The United States and the Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and the Defendant, and no other promises, agreements, or conditions exist between the United States and the Defendant concerning the resolution of the case.  This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities.  The United States and the Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and the Defendant.

<u>Approvals and Signatures</u>

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Michael C. Ormsby
United States Attorney

_____          _____
                                                         7/28/11
Aine Ahmed                                       Date
Assistant U.S. Attorney

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney.  I understand and voluntarily enter into this Plea Agreement.  Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case.  No other promises or inducements have been made to me, other than those contained in this Plea Agreement, and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

_____          _____
                                                         7/28/11
Dustin M. Haugen                             Date
Defendant

Plea Agreement - 10
haugenplea2.wpd

I have read the Plea Agreement and have discussed the contents of the agreement with my client.  The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties.  I concur in my client's decision to plead guilty as set forth in the Plea Agreement.  There is no legal reason why the Court should not accept the Defendant's plea of guilty.

_____          _____
Mr. Frank Cikutovich                                       Date
Attorney for the Defendant

7-28-11

Plea Agreement - 11
haugenplea2.wpd